IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lisa Ann Blakeney, #329007, ) | C/A No.: 1:14-1681-TMC-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden Angela Rawski, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Lisa Ann Blakeney is an inmate at the Leath Correctional Institution of the South Carolina Department of Corrections who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [ECF Nos. 12, 13]. Petitioner filed a response on August 29, 2014. [ECF No. 18].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.     Factual Background

On February 10, 2007, Officer Heath Clevenger was driving his vehicle on patrol for the York County Sheriff's Office ("YCSO"). [ECF No. 13-1 at 94–95]. At 3:00 a.m., he observed a blue jeep pull onto a dead end road and park with its lights turned off. *Id.* Petitioner was the driver of the jeep. *Id.* at 98–99. Officer Clevenger watched the jeep for a few minutes and then proceeded to park his vehicle behind the jeep. *Id.* at 96–97. Officer Clevenger exited his vehicle and walked towards the jeep approaching an individual, later

identified as Ms. Miles, who was standing on the driver's side of the jeep. *Id.* at 98. He inquired what she was doing outside and asked if she had anything illegal on her person. *Id.* at 98–101. She denied having anything illegal and he asked her to empty her pockets. *Id.* When Ms. Miles emptied her pockets, she pulled out five tin foil wrappers that contained crack cocaine. *Id.* at 101-102. Officer Clevenger placed Ms. Miles under arrest. *Id.* at 102-103. Following her arrest, Ms. Miles told Officer Clevenger that she had purchased the crack cocaine from Petitioner. *Id.* at 111–12, 162–63. While Officer Clevenger was placing Ms. Miles in handcuffs, Petitioner started her jeep, and while turning the vehicle around, she struck Officer Clevenger with her bumper. *Id.* at 102–104. Petitioner then drove away. *Id.* at 104. After leaving the scene, Petitioner refused to stop her jeep when YCSO officers drove behind her and turned on their lights and sirens. *Id.* at 184–85, 202–203. The car chase ended when Petitioner drove her vehicle through a dead end and down an embankment. *Id.* at 185–88, 203. Petitioner was subsequently arrested. *Id.* at 189–90. Later that afternoon, YCSO officers searched the area surrounding the crash site and discovered foil packets of crack cocaine scattered throughout the area. *Id.* at 205–209.

II.     Procedural Background

Petitioner was indicted by the York County grand jury during the June 2008 term of court for distribution of crack cocaine and/or possession with the intent to distribute ("PWID") crack cocaine (2007-GS-46-2325), failure to stop for a blue light ("FTSBL") (2007-GS-46-2326), and assault and battery with the intent to kill ("ABWIK")

(2007-GS-46-2327). [ECF No. 13-2 at 222–27]. Christopher Wellborn, Esq., represented Petitioner at a jury trial on June 16–18, 2008, before the Honorable John C. Hayes, III, Circuit Court Judge. [ECF No. at 13-1 at 3 *et seq.*]. The jury found Petitioner guilty of PWID crack cocaine, assault and battery of a high and aggravated nature ("ABHAN"), and FTSBL. [ECF No. 13-2 at 113]. Judge Hayes sentenced Petitioner to concurrent terms of 20 years for PWID, 10 years for ABHAN, and 3 years for FTSBL. *Id.* at 120.

Petitioner appealed her convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Robert M. Pachak, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed an *Anders*[1] brief on January 12, 2010, raising the following issue: "Whether the trial court erred in giving a jury charge on reasonable doubt that was confusing and lessened the State's burden of proof?" [ECF No. 13-2 at 125]. Attorney Pachak certified that the appeal was without merit and asked to be relieved as counsel. *Id.* at 129. Petitioner filed a pro se response to the *Anders* brief, alleging, *inter alia*, trial court error. [ECF No. 13-4 at 5–10].

---

[1] *Anders v. California*, 386 U.S. 738, 744 (1967), requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.

On February 2, 2011, the Court of Appeals filed an unpublished decision dismissing the appeal and granting counsel's request to withdraw. [ECF No. 13-2 at 132–33]. The remittitur was issued on February 22, 2011. [ECF No. 13-5].

Petitioner filed an application for post-conviction relief ("PCR") on February 10, 2011, in which she alleged ineffective assistance of counsel and prosecutorial misconduct. [ECF No. 13-2 at 134–45]. A PCR evidentiary hearing was held before the Honorable Lee S. Alford, Circuit Court Judge, on February 1, 2012, at which Petitioner and her PCR counsel, John P. Gettys, Esq., appeared. [ECF No. 13-2 at 151–209].   On March 14, 2012, Judge Alford issued an order of dismissal. *Id.* at 210–18.

Petitioner appealed from the denial of PCR and was represented by Dayne C. Phillips, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Attorney Phillips filed a petition for writ of certiorari in the South Carolina Supreme Court on November 5, 2012. [ECF No. 13-7]. The petition raised the following issue:

> "Did trial counsel provide ineffective assistance of counsel by failing to move for a directed verdict on Petitioner's possession with the intent to distribute charge at the close of the State's case when the evidence presented by the State merely raised the suspicion of Petitioner's guilt, thereby not preserving the issue of whether there was sufficient evidence to affirm that conviction for appellate review?"

*Id.* at 3.

The case was transferred to the Court of Appeals, which denied the petition on February 24, 2014. [ECF No. 13-9]. The remittitur was issued on March 18, 2014. [ECF No. 13-10]. [2]

Petitioner filed this federal petition for a writ of habeas corpus on April 22, 2014. [ECF No. 1].

III.   Discussion

    A.   Federal Habeas Issues

Petitioner asserts she is entitled to a writ of habeas corpus on the following grounds:

**Ground One**:   Ineffective Assistance of Counsel

    Supporting Facts: Counsel never tried to defend me and/or do any necessary research and/or provide any adversarial arguments, on behalf of defendant, and gave defendant advise to incriminate herself on stand, and didn't protect her rights vigilantly.

**Ground Two**:   Prosecutorial Misconduct

    Supporting Facts: The prosecutor entered evidence not proven and violated defendant's rights per constitution.

[ECF No. 1 at 5–6] (errors in original).

---

[2] The court received the petition on April 25, 2014, and docketed it on April 28, 2014. [ECF No. 1-1 at 1]. Because Petitioner is incarcerated, she benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The undersigned considers the petition as having been delivered to the prison mailbox on April 22, 2014, which is the date Petitioner represents she delivered the petition to the prison and the date on the postage stamp on the envelope containing the petition. [ECF No. 1-2 at 1].

B.     Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

C.  Habeas Corpus Standard of Review

1.  Generally

Because Petitioner filed her petition after the effective date of the AEDPA, review of her claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.  Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present

her claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit her claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

> a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

>   (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust her state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of her conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in

---

[3] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000)(internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "*outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not

required to be exhausted." *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed her state remedies and, as such, is procedurally barred from raising the issue in her federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, she is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim

because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of [her] claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on [her] case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the state's courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker,* 517 F.3d 700, 714 (4th Cir.), *cert. denied,* 555 U.S. 868 (2008). A petitioner may prove cause if she can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, she must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 4. Ineffective Assistance of Counsel Claims

To prevail on her ineffective assistance of counsel claim, Petitioner must show (1) that her trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, ___, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived her "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard

"doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.,* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

    D.    Analysis

        1.    Procedurally-Barred Grounds

Respondent argues that Petitioner procedurally defaulted on all her claims. The undersigned agrees. To the extent that that these claims were not raised in Petitioner's direct or PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

The only issues Petitioner raised on appeal were (1) "whether the trial court erred in giving a jury charge on reasonable doubt that was confusing and lessened the State's burden of proof," and (2) "did trial counsel provide ineffective assistance of counsel by

failing to move for a directed verdict on Petitioner's possession with the intent to distribute charge at the close of the State's case when the evidence presented by the State merely raised the suspicion of Petitioner's guilt, thereby not preserving the issue of whether there was sufficient evidence to affirm that conviction for appellate review." [ECF Nos. 13-2 at 125; 13-7 at 3]. Because Petitioner did not raise any grounds of prosecutorial misconduct in her appeals, she defaulted on her Ground Two claim. Petitioner's Ground One claims for ineffective assistance of counsel are not clearly articulated, but rather speak in generic terms. The undersigned is therefore unable to glean the basis of her ineffective assistance of counsel claims. All of Petitioner's ineffective assistance of counsel claims, other than trial counsel's alleged failure to move for a directed verdict on the PWID crack cocaine charge, are procedurally barred on federal habeas review. Petitioner does not discuss in her petition or her response to summary judgment her counsel's alleged failure to move for a directed verdict, and it does not appear that she is pursuing that claim. However, for completeness sake, the undersigned will conduct a merits review of this claim, in case Petitioner meant to pursue it.

      2.    Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of these claims. In all cases in which a state prisoner has defaulted her federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, her claims are procedurally barred from consideration by this court and should be dismissed. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (holding that to show prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Wainwright,* 433 U.S. at 88–91; *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (*citing Murray*).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or her efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on these claims. Petitioner had a trial in which she raised no objection, had a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues. However, she failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because she has abandoned the opportunities to preserve these issues.

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show she is actually innocent. Actual innocence is

defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors she complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). To pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

During the trial, the solicitor presented the facts recited in the Factual Background section above. The jury determined Petitioner was guilty of PWID, ABHAN, and FTSBL. The record makes an assertion of actual innocence not credible. The undersigned finds Petitioner has failed to meet her burden of demonstrating actual innocence, and therefore, the procedural bars apply as to all her claims except the claim of ineffective assistance of counsel regarding her counsel's failure to move for a directed verdict.

        3.     Merits Review

Liberally construed, Petitioner may be alleging that trial counsel was ineffective in failing to move for a directed verdict on the PWID crack cocaine charge. The PCR court found this allegation to be without merit, as follows:

> Counsel's decision not to seek a directed verdict on the possession of crack cocaine charge and the failure to stop for a blue light charge did not constitute ineffective assistance of counsel.
>
> A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged. State v. McHoney. 344 S.C. 85, 544 S.E.2d 30 (2001). In reviewing a motion for directed verdict, the trial judge is concerned with the existence of the evidence, not with its weight. Id. If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [appellate courts] must find the case was properly submitted to the jury. Id.

17

> Looking at the evidence in the light most favorable to the State, this Court finds there was substantial evidence from which a jury could have inferred that the State had proven the elements of those charges. As there was no legal basis for a directed verdict on those charges, any request for such would have been superfluous and the failure to make such request cannot be characterized as ineffective assistance of counsel. This Court also finds the Applicant has failed to meet her burden of proving counsel's performance was deficient or that she was prejudiced thereby. Accordingly, this allegation is denied.

[ECF No. 13-2 at 215–16].

Petitioner cannot satisfy the *Strickland* test. In light of the evidence of Petitioner's guilt of PWID crack cocaine, including Officer Clevenger's and Ms. Ellis's testimony, and the introduction of the crack cocaine recovered from the accident scene, the PCR court reasonably found that trial counsel's failure to move for a directed verdict did not affect the outcome of the trial under *Strickland*. Petitioner has failed to overcome the doubly deferential standard of review accorded the state court's determination of this issue of ineffective assistance of counsel under *Harrington*. Petitioner has not shown that the state court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. *See Williams*, 529 U.S. at 410. Based on the foregoing, Petitioner is not entitled to federal habeas relief on this ground, and the undersigned recommends that her petition be dismissed.

IV.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 12] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 6, 2015  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).